**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>YOSVANI GALINDO,<br><br>Defendant. | 8:18CR71<br><br>PRELIMINARY ORDER OF FORFEITURE |

This matter is before the Court on the United States' Motion for Preliminary Order of Forfeiture, ECF No. 41. The Court has reviewed the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant has entered into a Plea Agreement, ECF No. 40, whereby he agreed to enter pleas of guilty to Counts I and III of the Indictment and agreed to admit the Forfeiture Allegation. Count I charged the Defendant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). Count III charged a violation of Title 18, United States Code, Section 924(c)(1)(A). The Forfeiture Allegation asserted that the Defendant used seized money to facilitate the controlled substance violation and/or that the seized money was derived from proceeds obtained directly or indirectly as a result of the commission of the controlled substance violation. The Plea Agreement stated that the amount of seized money was $20,600.00. The Government has since learned that the amount seized was $20,612.00. Defendant has not responded or otherwise objected to the amount.

2. By virtue of said plea of guilty, the Defendant forfeits his interest in the $20,612.00, and the United States is entitled to possession of said currency, pursuant to 21 U.S.C. § 853.

3. The United States' Motion for Preliminary Order of Forfeiture will be granted. Accordingly,

IT IS ORDERED:

A. The United States' Motion for Preliminary Order of Forfeiture, ECF No. 41, is hereby sustained.

B. Based upon the Forfeiture Allegation of the Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize $20,612.00.

C. The Defendant's interest in the aforementioned currency is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D. The aforementioned currency is to be held by the United States in its secure custody and control.

E. Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov, notice of this Order, Notice of Publication evidencing the United States's intent to dispose of the currency in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject currency must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F. Said published notice shall state the Petition referred to in Paragraph E, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the currency, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject currency and any additional facts supporting the Petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have an interest in the currency to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 19th day of November, 2018.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge